**THEIDA SALAZAR, ESQ.** SBN: 295547
**JONATHAN D. EVANS, ESQ.** SBN: 302887
**SALAZAR EVANS LLP**
117 E. Colorado Boulevard, Suite 260
Pasadena, California 91105
P: 626.345.5402
F: 818.436.4009
E: salazar@salazarevanslaw.com
E: evans@salazarevanslaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT

| | |
|---|---|
| ANTHONY WHEATON aka SIR JINX, an Individual<br><br>Plaintiff,<br><br>v.<br><br>GRAND HUSTLE LLC, a Foreign Limited Liability Corporation; and DOES 1 through 50, Inclusive,<br><br>HUSTLE. | Case No.:<br><br>**COMPLAINT**<br>1. **COPYRIGHT INFRINGEMENT;**<br>2. **CONVERSION;**<br>3. **BREACH OF GOOD FAITH;**<br>4. **QUASI-CONTRACT/ UNJUST ENRICHMENT; AND**<br>5. **ACCOUNTING.**<br><br><u>JURY TRIAL REQUESTED</u> |

Plaintiff, ANTHONY WHEATON aka SIR JINX, asserts causes of action against Defendant, GRAND HUSTLE LLC and DOES 1 through 50 as follows:

## JURISDICTION AND VENUE

1. This is a civil complaint brought in United States District Court under Federal and California state statutes prohibiting copyright infringement in order to secure protection and redress deprivation of rights under these laws.

2. Plaintiffs' statutory claims arise under including but not limited to 17 *U.S.C.* § 101 et seq..

3. The jurisdiction of this Court is invoked under 28 *U.S.C.* §1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the parties are citizens of different states.

4. This action, also, includes four claims arising out of California state law, which is joined pursuant to the doctrine of supplemental jurisdiction and 28 *U.S.C.* §1367(a).

5. Jurisdiction in this case is also proper pursuant to 28 *U.S.C.* §1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

6. The amount in controversy in this matter exceeds the sum of $400,000.00, exclusively of interest and costs.

## PARTIES

7. Plaintiff, ANTHONY WHEATON aka SIR JINX ("SIR JINX") is an individual and is now, and at all times mentioned in this Complaint was, a resident of Los Angeles County, California.

8. Defendant GRAND HUSTLE LLC ("HUSTLE") is a Foreign Limited Liability Corporation that supervises, manages, employs and contracts with personnel and musical artists and is now, and at all times mentioned in this Complaint was, an entity that employs and engages in business within Los Angeles County, California.

9. Plaintiff is informed and believes, and on that basis alleges, that DOES 1–50 are individuals and entities responsible in whole or in part for the conduct alleged

SALAZAR EVANS LLP
117 EAST COLORADO BOULEVARD
PASADENA, CALIFORNIA 91105

herein. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

10. Plaintiff is informed and believes that each Defendant was the agent, servant, or employee of the others, and acted within the course and scope of such relationships.

## GENERAL ALLEGATIONS

11. Plaintiff is a songwriter and record producer with a professional discography of original compositions and production credits.

12. In 2016, Plaintiff wrote, produced, and registered the song **"Dope"** with *Goonz Skwad Music*.

13. Plaintiff produced "*Dope*" for Defendants, entitling him to royalties, credits, and an accounting of profits.

14. Plaintiff later discovered that "*Dope*" was released and exploited by Universal Music Group with multiple writing credits, including Plaintiff's.

15. Despite repeated demands, including a formal demand letter dated November 11, 2022, Defendants have failed and refused to provide an accounting or pay royalties owed to Plaintiff.

16. Défendants' continued unauthorized use of "Dope" has resulted in substantial financial harm to Plaintiff, with damages exceeding **$800,000**.

## FIRST CAUSE OF ACTION
### COPYRIGHT INFRINGEMENT (17 *U.S.C.* §501 et seq.)

15. Plaintiff incorporates ¶1–14.

16. Plaintiff owns a valid copyright in "Dope," registered with the *U.S. Copyright Office*.

17. Defendants have copied, distributed, and exploited "Dope" without authorization.

18. Defendants 'conduct violates Plaintiff's exclusive rights under 17 *U.S.C.* §106.

SALAZAR EVANS LLP
117 EAST COLORADO BOULEVARD
PASADENA, CALIFORNIA 91105

19. As a result, Plaintiff has suffered damages exceeding $800,000 and is entitled to statutory damages, actual damages, profits, and attorneys' fees under 17 *U.S.C.* §§504–505.

## SECOND CAUSE OF ACTION
### CONVERSION

20. Plaintiff refers to and references paragraphs one (1) through nineteen (19) as though fully set herein.

21. Plaintiff is entitled to royalties and payments arising from the exploitation of "Dope."

22. Defendants wrongfully exercised control over those monies by withholding them from Plaintiff.

23. Defendants' conduct constitutes conversion and has caused Plaintiff damages in excess of $800,000.

## THIRD CAUSE OF ACTION
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through twenty-three (23) as though fully set forth hereafter.

25. Plaintiff and Defendants entered into a production agreement relating to "Dope."

26. The implied covenant of good faith and fair dealing obligated Defendants to honor the agreement by paying royalties and providing an accounting.

27. Defendants acted in bad faith by withholding royalties, refusing to account, and exploiting Plaintiff's work for their own benefit.

28. Plaintiff has suffered damages in excess of $800,000.

## FOURTH CAUSE OF ACTION
### QUASI-CONTRACT / UNJUST ENRICHMENT

29. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through twenty-eight (28) as though fully set forth hereafter.

30. Defendants have been unjustly enriched by profiting from "Dope" without compensating Plaintiff.

31. Equity requires restitution of all benefits unjustly retained by Defendants at Plaintiff's expense.

### FIFTH CAUSE OF ACTION
#### ACCOUNTING

32. Plaintiff refers to and incorporates the factual allegations set forth in paragraphs one (1) through thirty-one (31) as though fully set forth hereafter.

33. A relationship exists between Plaintiff and Defendants requiring an accounting of royalties, profits, and revenues generated from "Dope."

34. Plaintiff cannot ascertain the precise amounts due without an accounting.

35. Plaintiff is entitled to an accounting of all such monies.

**WHEREFORE**, Plaintiff, ANTHONY WHEATON aka SIR JINX, prays for judgment against HUSTLE as follows:

1. For general damages according to proof;
2. For loss of royalty earnings according to proof;
3. For statutory damages under 17 U.S.C. §504;
4. For injunctive relief under 17 U.S.C. §502;
5. For restitution of all monies wrongfully withheld;
6. For compensatory damages in excess of $800,000;
7. For pre- and post-judgment interest;
8. For costs of suit and attorneys' fees under 17 U.S.C. §505; and
9. For such other and further relief as the Court deems proper.

Respectfully Submitted,

DATED this day 28th September, 2025.

**THEIDA SALAZAR, ESQ.**
**JONATHAN D. EVANS, ESQ.**
**SALAZAR EVANS LLP**
117 E. Colorado Boulevard; Suite 260
Pasadena, California 91105
P: 626.345.5402
*Attorneys for Plaintiff*