UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WHEATON aka SIR JINX, an Individual,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>GRAND HUSTLE LLC, a Foreign Limited Liability Corporation; and DOES 1 through 50, Inclusive,<br><br>　　　　　　　　Defendants. | Case No. 2:25-cv-09264-SPG-PD<br><br>**ORDER GRANTING DEFENDANT GRAND HUSTLE, LLC'S MOTION TO DISMISS [ECF NO. 13]** |

Before the Court is a Motion to Dismiss, (ECF No. 13-1 ("Motion")), filed by Defendant Grand Hustle, LLC ("Defendant"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the records in this case, the Court GRANTS the Motion.

I.   **BACKGROUND**

Plaintiff Anthony Wheaton ("Plaintiff") is a songwriter and record producer, who performs under the name "Sir Jinx." *See* (ECF No. 1 ("Complaint") ¶¶ 7, 11). In 2016, Plaintiff wrote and produced the song "Dope" (the "Song") for Defendant, a company that manages musical artists. *See* (*id.* ¶¶ 8, 13). Plaintiff alleges that he owns a valid copyright for the Song and that Defendant has exploited the Song without his authorization. *See* (*id.*

¶¶ 15–16). Plaintiff also alleges that he entered into an "agreement" with Defendant and, under the terms of that agreement, he is entitled to royalties and an accounting of profits. *See* (*id.* ¶¶ 25–26). Plaintiff has not attached a copy of the agreement to the Complaint or otherwise alleged the terms of the agreement. *See generally* (*id.*).

The Complaint asserts the following five claims: (1) copyright infringement; (2) conversion; (3) breach of the implied covenant of good faith and fair dealing; (4) unjust enrichment; and (5) accounting. *See* (*id.* ¶¶ 15–35). On December 18, 2025, Defendant filed the instant Motion to Dismiss. *See* (Motion). Plaintiff filed an opposition on January 6, 2026, *see* (ECF No. 18 ("Opp.")),[1] and Defendant replied on January 7, 2026, *see* (ECF No. 19 ("Reply")).

## II.  LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not

---

[1] Under Local Rule 7-9, opposing parties must file their papers in opposition no later than twenty-one (21) days before the date designated for the motion to be heard. The Motion was noticed for hearing on January 21, 2026, and, therefore, Plaintiff's Opposition was due on December 31, 2025. Although the Court will consider Plaintiff's Opposition, the Court cautions the parties that, going forward, it may decline to consider documents that are not timely filed. *See* C.D. Cal. L.R. 7-12.

akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice," nor must it accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks and citation omitted). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects of the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

### III. DISCUSSION

Defendant has moved to dismiss the Complaint in its entirety. *See generally* (Motion). In essence, Defendant argues that Plaintiff's claim for copyright infringement fails to allege facts to show that Defendant copied the Song, under the meaning of the Copyright Act. *See* (Motion at 11). Defendant further argues that all of Plaintiff's state law claims are preempted by the Copyright Act or, in the alternate, fail to state a claim. *See* (*id.* at 12–18). For the reasons set out below, the Court agrees that the Complaint fails to state a claim.

#### A. Copyright Infringement

Plaintiff alleges that Defendant infringed his copyright by "releas[ing] and exploit[ing]" the Song without his authorization. *See* (Compl. ¶ 14). To state a claim for copyright infringement, a plaintiff must allege facts to establish "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Great Minds v. Off. Depot, Inc.*, 945 F.3d 1106, 1110 (9th Cir. 2019). "The word 'copying' is shorthand for the infringing of any of the copyright owner's . . . exclusive rights" under 17 U.S.C. § 106. *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).

1  These rights include the right to reproduce, distribute, publicly display, perform, and create
2  derivative works of the copyrighted work. See 17 U.S.C. § 106.
3      Defendant challenges whether Plaintiff has sufficiently pleaded an act of "copying"
4  to support its claim. See (Motion at 11). Specifically, Defendant argues that Plaintiff's
5  claim is based on Defendant's alleged failure to pay royalties, but the right to receive
6  royalties sounds in contract law, not copyright. See (id.). In response, Plaintiff seems to
7  disclaim the argument that he asserts a claim based on Defendant's failure to pay royalties.
8  See (Opp. at 11). Instead, Plaintiff argues that he has been "damaged every time Defendant
9  . . . sold and profited" from the Song, and reasonable royalties may provide a basis to
10 measure his damages. See (id.). The Complaint itself alleges that the Song "was released
11 and exploited by Universal Music Group," and "Defendants have failed and refused to
12 provide an accounting or pay royalties owed to Plaintiff." (Compl. ¶¶ 14–15). Plaintiff
13 further alleges that "Defendants have copied, distributed, and exploited" the Song "without
14 authorization." See (id. ¶ 16).
15     The facts alleged are insufficient to establish that Defendant infringed any of
16 Plaintiff's exclusive rights under the Copyright Act. As relevant, the Copyright Act
17 protects a copyright holder's right to reproduce and distribute the protected work. See 17
18 U.S.C. § 106(1), (3). However, Plaintiff has not alleged facts to suggest that Defendant
19 reproduced or distributed the Song. Rather, Plaintiff alleges that Universal Music Group
20 did so. See (Compl. ¶ 14). Plaintiff's bare assertion that Defendant "copied, distributed,
21 and exploited" the Song, without further elaboration, is insufficient to state a plausible
22 claim for relief. See Faison v. Nagy, No. CV 24-8904 JGB (JCX), 2025 WL 1122400, at
23 *3 (C.D. Cal. Feb. 13, 2025) (conclusory allegation of copying insufficient to state a claim
24 for infringement); see also Iqbal, 556 U.S. at 678. Finally, Defendant's alleged failure to
25 pay royalties does not sound in copyright. See Yount v. Acuff Rose-Opryland, 103 F.3d
26 830, 835 (9th Cir. 1996) ("[S]tate law governs construction of royalty obligations."). Thus,
27 the Court GRANTS the Motion as to Count I.
28

### B. Conversion

Plaintiff's second cause of action asserts a claim for conversion. *See* (Compl. ¶¶ 20–23). To state a claim for conversion, a plaintiff must plead facts to establish: (1) "plaintiff's ownership or right to possession of personal property"; (2) "defendant's disposition of property in a manner inconsistent with plaintiff's property rights"; and (3) "resulting damages." *Voris v. Lampert*, 7 Cal. 5th 1141, 1150 (2019). Plaintiff claims that he "is entitled to royalties and payments arising from the exploitation" of the Song "in excess of $800,000." (Compl. ¶¶ 21, 23). However, his claim is preempted under the Copyright Act and, regardless, fails to state a claim.

The Copyright Act preempts state law claims that regulate the area of copyright, stating that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . are governed exclusively by this title." 17 U.S.C. § 301(a). In the Ninth Circuit, "two conditions must be satisfied for a law to be preempted under the federal Copyright Act": (1) "the content of the protected right must fall within the subject matter of copyright"; and (2) "the right asserted under state law must be equivalent to the exclusive rights" set out in the Copyright Act. *Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008). For the second condition, "the state cause of action must protect rights that are qualitatively different from the rights protected by copyright: the complaint must allege an 'extra element' that changes the nature of the action." *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004).

As musical works are subject to protection under the Copyright Act, *see* 17 U.S.C. § 102(a)(2), the first condition is satisfied. The second condition is likewise satisfied, because "[a] conversion claim arising from the unauthorized reproduction and distribution of a copyrighted work only interferes with the plaintiff's intangible property right and is equivalent to a claim for copyright infringement." *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1027 (N.D. Cal. 2003); *see also Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 792 (2003) (allegation that defendant wrongfully used and distributed

work authored by plaintiff as equivalent to copyright claim); 1 Nimmer on Copyright § 1.15 ("[A]n action for conversion by duplication and distribution of sound recordings that are protected under federal law should not go forward.").

Separately, Plaintiff fails to state a claim for conversion on the merits, as "money cannot be the subject of a conversion action unless a specific sum capable of identification is involved." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 485 (1996). Here, in alleging conversion for a sum "in excess of $800,000," (Compl. ¶ 23), Plaintiff has not alleged a specific sum capable of identification. The Court therefore GRANTS the Motion as to Count II.

### C. Breach of Implied Covenant

Plaintiff's third cause of action asserts a claim for breach of the implied covenant of good faith and fair dealing. *See* (Compl. ¶¶ 24–28). "The implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract." *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1032 (1992). Here, Plaintiff alleges that he "entered into a production agreement" with Defendant "relating to" the Song, (Compl. ¶ 25), but he does not provide any allegations as to the terms of the agreement. As such, Plaintiff has not adequately alleged that Defendant interfered with any contractual right under the production agreement. *See Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (plaintiff must allege facts to show "the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract"). The Court therefore GRANTS the Motion as to Count III.[2]

---

[2] Defendant also argues that Plaintiff's claim for breach of the implied covenant is preempted. *See* (Motion at 15). However, because Plaintiff has not alleged the terms of the underlying contract, the Court cannot determine whether the contract protects or creates any right not equivalent to the rights protected under copyright. *See Entous v. Viacom Int'l, Inc.*, 151 F. Supp. 2d 1150, 1159–60 (C.D. Cal. 2001) (noting that courts apply a "fact-specific inquiry" into the contract terms to determine copyright preemption).

### D. Unjust Enrichment

Plaintiff's fourth cause of action asserts a claim for unjust enrichment. *See* (Compl. ¶¶ 29–31). In California, "there is not a standalone cause of action for 'unjust enrichment.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotation marks omitted). However, "[w]hen a plaintiff alleges unjust enrichment, a court may 'construe the cause of action as a quasi-contract claim seeking restitution.'" *Id.* (quoting *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014)). "A quasi-contract is a legal fiction in which the court implies a contract when the defendant obtained a benefit from the plaintiff by fraud, duress, coercion, or similar conduct." *Ketayi v. Health Enrollment Grp.*, 516 F. Supp. 3d 1092, 1139 (S.D. Cal. 2021).

Here, the Complaint fails to identify the basis for Plaintiff's unjust enrichment claim. However, to the extent that Plaintiff claims Defendant was unjustly enriched by profiting from the Song due to Plaintiff's copyright, his claim is preempted under the Copyright Act. *See Woodland v. Hill*, No. 222CV03930ABMRWX, 2022 WL 19250191, at *6 (C.D. Cal. Dec. 8, 2022) (collecting cases for the proposition that the Copyright Act preempts unjust enrichment claims); *see also* 1 Nimmer on Copyright § 1.15 ("[A] state law cause of action for unjust enrichment or quasi contract should be regarded as an 'equivalent right' and, hence, preempted insofar as it applies to copyright subject matter."). To the extent that the Complaint seeks to recover on some other basis for unjust enrichment, Plaintiff has failed to sufficiently allege how Defendant's conduct constitutes unjust enrichment. The Court therefore GRANTS the Motion as to Count IV.

### E. Accounting

To state a claim for accounting, a plaintiff must allege facts to show "a relationship exists between the plaintiff and defendant that requires an accounting, and that some balance is due the plaintiff that can only be ascertained by an accounting." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009). Here, the Complaint only presents the conclusory allegation that "[a] relationship exists between Plaintiff and Defendants

1  requiring an accounting of royalties, profits, and revenues" generated from the Song.
2  (Compl. ¶ 33). This is insufficient to state a claim for accounting. *See JB Bros., Inc. v.*
3  *Chung*, No. 2:24-CV-01994-RGK-AS, 2025 WL 565308, at *8 (C.D. Cal. Jan. 27, 2025)
4  (dismissing action based on similar allegations). Furthermore, to the extent Plaintiff's
5  accounting claim is based upon Defendant's infringement of Plaintiff's copyrighted work,
6  this claim is likewise preempted. *See Elements Spirits, Inc. v. Iconic Brands, Inc.*, No.
7  CV1502692DDPAGRX, 2015 WL 5470297, at *6 (C.D. Cal. Sept. 17, 2015) (claim for
8  accounting of profits derived from use of copyrighted material preempted by copyright
9  act). The Court therefore GRANTS the Motion as to Count V.

      **F.    Leave to Amend**

Plaintiff has requested leave to amend. Generally, "in dismissals for failure to state a claim, a district court should grant leave to amend." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). Nevertheless, a district court may, in its discretion, deny leave to amend when amendment would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Amendment is considered futile where "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Because Plaintiff's claim for conversion is preempted, it would be futile to grant Plaintiff leave to file an amended claim for conversion. *See Edwards v. Lockheed Martin Corp.*, 617 F. App'x 648, 650 (9th Cir. 2015). At this juncture, the Court does not find leave to amend futile as to Plaintiff's remaining claims and will grant Plaintiff one additional opportunity to plead claims against Defendant for copyright infringement, breach of the implied covenant, unjust enrichment, and accounting, only.

//
//
//

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. Within twenty-one (21) days of the issuance of this Order, Plaintiff may file a Second Amended Complaint curing the deficiencies identified in this Order. If Plaintiff fails to file a Second Amended Complaint within twenty-one days, the case will be closed.

**IT IS SO ORDERED.**

DATED: February 10, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE