**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY WHEATON aka SIR JINX, an Individual,<br>Plaintiff,<br>v.<br>GRAND HUSTLE LLC, a Foreign Limited Liability Corporation; and DOES 1 through 50, Inclusive,<br>Defendants. | Case No. 2:25-cv-09264-SPG-PD<br><br>**ORDER DENYING DEFENDANT GRAND HUSTLE, LLC'S MOTION TO DISMISS [ECF NOS. 26, 26-1]** |

Before the Court is a Motion to Dismiss, (ECF No. 26-1 ("Motion")), filed by Defendant Grand Hustle, LLC ("Defendant"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the records in this case, the Court DENIES the Motion. However, as discussed below, the Court STRIKES Plaintiff's third cause of action from the Second Amended Complaint, (ECF No. 25 ("SAC")), as beyond the scope of the Court's order granting leave to amend, *see* (ECF No. 21 ("MTD Order") at 8).

# I. BACKGROUND

## A. Factual Background

Plaintiff Anthony Wheaton ("Plaintiff") is a songwriter and record producer, who performs under the name "Sir Jinx." *See* (SAC ¶¶ 8, 13). He is the sole author of the song "Dope" and registered a copyright for the song on November 17, 2026. *See* (*id.* ¶¶ 14, 16). Defendant is a limited liability company that supervises and manages musical artists. *See* (*id.* ¶ 9). Plaintiff alleges that he provided a copy of the song to Defendant "solely for evaluation and negotiation purposes" and "expressly communicated that any commercial exploitation" of the song "required a compensation agreement." (*Id.* ¶¶ 19–20). Plaintiff claims that Defendant nevertheless commercially exploited and reproduced the song without his authorization. *See* (*id.* ¶¶ 27–28). Specifically, Plaintiff claims that Defendant released the song on May 16, 2016; distributed the song on digital streaming platforms; and continues to distribute the song to this day. *See* (*id.* ¶¶ 29–30).

## B. Procedural Background

Plaintiff filed this action on September 28, 2025. His initial complaint asserted claims for copyright infringement, conversion, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and accounting. *See* (ECF No. 1 ("Complaint") ¶¶ 15–35). In his initial Complaint, Plaintiff alleged that non-party Universal Music Group "released and exploited" the song and also alleged, without explanation, that Defendant "copied, distributed, and exploited the song." *See* (Compl. ¶¶ 14, 17).

The Court dismissed the Complaint on February 10, 2026. The Court explained that the Complaint did not sufficiently allege facts to suggest Defendant reproduced or distributed the song, as necessary to plausibly allege a claim for copyright infringement. *See* (MTD Order at 4). The Court also held that Plaintiff had not alleged sufficient facts to plausibly allege the requisite elements for his other claims and, to the extent those claims depended on Defendant's infringement of Plaintiff's copyrighted work, those claims were preempted. *See* (*id.* at 4–9). However, the Court found that it would not be futile to permit amendment and, therefore granted Plaintiff "one additional opportunity to plead claims

against Defendant for copyright infringement, breach of the implied covenant, unjust enrichment, and accounting, only." (*Id.* at 8).

Plaintiff filed a First Amended Complaint on March 2, 2026. *See* (ECF No. 22 ("FAC")). The parties met and conferred, and Defendant identified perceived deficiencies in the FAC. *See* (ECF No. 23). The parties therefore stipulated for Plaintiff to file the SAC to respond to those deficiencies. *See* (*id.*). The Court granted the parties' stipulation, *see* (ECF No. 24), and, on March 29, 2026, Plaintiff filed the SAC.

The SAC asserts three causes of action: (1) copyright infringement; (2) breach of an oral and/or an implied-in-fact contract; and (3) declaratory relief. *See* (SAC ¶¶ 39–55). Defendant filed the instant Motion, as well as a Request for Judicial Notice, on April 10, 2026. *See* (ECF No. 27 ("RJN")). Plaintiff filed a brief in opposition on April 23, 2026, *see* (ECF No. 28 ("Opposition")), and Defendant filed a brief in reply on April 29, 2026, *see* (ECF No. 29 ("Reply")).

## II. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice," nor must it accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks and citation omitted). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects of the pleading. *See Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## III. DISCUSSION

Defendant has moved to dismiss the SAC in its entirety. Defendant argues that Plaintiff cannot plead a copyright claim because Defendant had a license to exploit the song or, in the alternative, that Plaintiff's claim is time-barred to the extent it seeks to recover for acts occurring more than three years before this lawsuit. *See* (Motion at 12–15). Defendant also argues that Plaintiff's breach of contract claim and declaratory relief claim exceed the scope of the Court's order granting leave to amend and, regardless, fail to state a claim. *See* (*id.* at 16–20). The Court will consider each argument in turn.

### A. Copyright Infringement

Defendant seeks to dismiss Plaintiff's claim for copyright infringement, in whole or in part, based on two affirmative defenses. First, Defendant argues that it had a non-exclusive license to exploit the song. *See* (*id.* at 12–14). Second, Defendant argues that at least some acts of alleged infringement are barred by the Copyright Act's three-year statute of limitations. *See* (*id.* at 14–15). As discussed below, these defenses present questions of fact not appropriate for resolution on a motion to dismiss.

#### 1. <u>Non-Exclusive License</u>

First, Defendant seeks to dismiss Plaintiff's claim for infringement by arguing that either Plaintiff or Clifford Harris, who performs under the name "T.I.," granted Defendant

a non-exclusive license to exploit the song. *See* (Motion at 12–14). To state a claim for copyright infringement, a plaintiff must plead two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). The second element requires a plaintiff to allege both copying and unlawful appropriation. *See Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). Only uses that are unauthorized by the copyright owner constitute unlawful appropriation. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 433 (1984). Therefore, "[t]he existence of a license creates an affirmative defense to a claim of copyright infringement." *Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1114 (9th Cir. 2000). "[A] copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue the licensee for copyright infringement and can sue only for breach of contract." *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999) (internal quotation marks omitted), *abrogated on other grounds by eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006).

Nonexclusive licenses may be granted orally or may be implied from conduct. *See* 3 Nimmer on Copyright § 10.03[A]. Courts typically find a license to be implied by conduct where "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Asset Mktg. Sys., Inc. v. Gagnon*, 542 F.3d 748, 754–55 (9th Cir. 2008). In applying this test, courts look to "whether the totality of the parties' conduct indicates that the licensor intended to grant the licensee permission to use the work." *Fontana v. Harra*, No. CV 12-10708 CAS JCGX, 2013 WL 990014, at *4 (C.D. Cal. Mar. 12, 2013); *accord* 3 Nimmer on Copyright § 10.03[A][7]. In general, whether a defendant used copyrighted material under an implied license is a fact-specific question not appropriate for resolution on a motion to dismiss. *See nKlosures, Inc. v. Avalon Lodging LLC*, No. CV 22-00459-RSWL-JDEX, 2022 WL 17093927, at *4 (C.D. Cal. Nov. 17, 2022) ("[C]ourts generally resolve

questions concerning implied licensing at summary judgment"); *see also Erwin v. Sestero*, No. CV143890RSWLPJWX, 2014 WL 12591480, at *3 (C.D. Cal. Dec. 18, 2014).

To show that Plaintiff granted it an implied license, Defendant relies on the allegation, in a previous complaint, that Plaintiff created the song "for Defendants." *See* (Motion at 12 (quoting Compl. ¶ 13)). Defendant argues, as a result, that the Court should disregard Plaintiff's allegations in the SAC that he created the song "independently" and provided a copy of the song to Defendant "solely for evaluation and negotiation purposes." *See* (*id.* (quoting SAC ¶¶ 18–19). "Ninth Circuit precedent is inconsistent as to whether amended pleadings may ever contradict earlier allegations." *Royal Primo Corp. v. Whitewater W. Indus., Ltd*, No. 15-CV-04391-JCS, 2016 WL 1718196, at *3 (N.D. Cal. Apr. 29, 2016); *see also PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("[T]here is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations"). Regardless, Plaintiff's allegation that he provided a copy of the song to Defendant "solely for evaluation and negotiation purposes" does not directly contradict the allegation that he created the song "for Defendant," as Plaintiff did not previously allege that he permitted Defendant to exploit and distribute the song. Furthermore, the allegation that Plaintiff created the song "for Defendant," without more, is insufficient in factual detail for the Court to hold, on a motion to dismiss, that Plaintiff granted Defendant an implied license and Defendant acted within the scope of the parties' implied license in exploiting and distributing the song. *See Sun Microsystems*, 188 F.3d at 1121 (licensor can bring an action for copyright infringement if a license is limited in scope and the licensee acts outside the scope of the license).

Defendant also argues that Mr. Harris granted it a license to exploit and distribute the song. *See* (Motion at 13–14). In support, Defendant requests that the Court take judicial notice of the fact that Mr. Harris is listed on the copyright as one of the song's co-authors and is a co-owner of Grand Hustle LLC. *See* (RJN at 1). Defendant argues that the Court may infer, on this basis, that Mr. Harris granted Defendant a non-exclusive

license to exploit the song. *See* (Motion at 14). Each co-owner of a copyright "has an independent right to use or license the use of the copyright," *Oddo v. Ries*, 743 F.2d 630, 633 (9th Cir. 1984), and "[c]o-owners of a copyright, and their licensees, cannot be liable to one another for infringement of that copyright as a matter of law," *Dead Kennedys v. Biafra*, 37 F. Supp. 2d 1151, 1153 (N.D. Cal. 1999). However, use under an implied license is an affirmative defense, and affirmative defenses "may not be raised by motion to dismiss," unless there are "no disputed issues of fact" necessary to consider such a defense. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). This argument requires the Court to draw inferences based on facts outside the pleadings and, as such, raises disputed issues of fact not appropriate for resolution on a motion to dismiss. Therefore, the Motion is DENIED insofar as Defendant argues that it did not infringe on Plaintiff's copyright.

2. Statute of Limitations

Defendant also argues that Plaintiff's claim for infringement is limited to conduct occurring in the three years before Plaintiff filed this action. *See* (Motion at 14–15). Under the Copyright Act, claims for infringement must be filed within three years of accrual. *See* 17 U.S.C. § 507(b). In general, "a claim accrues when an infringing act occurs." *Starz Ent., LLC v. MGM Domestic Television Distribution, LLC*, 39 F.4th 1236, 1239 (9th Cir. 2022) (internal quotation marks omitted). However, "the discovery rule for accrual allows copyright holders to recover damages for all infringing acts that occurred before they knew or reasonably should have known of the infringing incidents." *Id.* at 1246. Therefore, under the discovery rule, "the three-year limitations period begins only when the copyright holder knows or should know of the infringing act." *Id.* In addition, under the "separate-accrual rule," "[e]ach time an infringing work is reproduced or distributed, the infringer commits a new wrong" giving rise to "a discrete claim." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014) (internal quotation marks and alterations omitted).

Plaintiff alleges that Defendant continues to exploit the song, including by distributing the song on digital streaming platforms. *See* (SAC ¶¶ 32–33). He also claims that he did not discover "the full scope" of Defendant's infringement until "within three

years prior to filing" this lawsuit. *See* (*id.* ¶ 35). Defendant does not contest that any acts of infringement within the last three years are actionable under a separate-accrual theory. *See* (Motion at 15). However, Defendant argues that any earlier acts of infringement are time-barred, as Plaintiff "does not allege facts establishing delayed discovery." (*Id.* at 15).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks omitted). Dismissal is only appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). Here, Defendant argues that Plaintiff either knew or should have known about Defendant's alleged infringement since 2016, when Plaintiff registered the copyright for the song and when the song was released. *See* (Motion at 15). However, the "date of discovery is an issue of fact," *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 (9th Cir. 2004), and it is not apparent from the SAC when Plaintiff first discovered Defendant's alleged infringement, *see Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1169 (N.D. Cal. 2019) (court may only dismiss a complaint under the discovery rule "if no reasonable finder of fact could conclude that the claimant's lack of knowledge was reasonable under the circumstances"). Therefore, the Motion is DENIED insofar as Defendant seeks to partially dismiss Plaintiff's infringement claim as time barred.

**B. Breach of Contract**

Defendant argues that Plaintiff's claim for breach of an oral or implied-in-fact contract exceeds the scope of permissible amendment. *See* (Motion at 16–17). In the Complaint, Plaintiff asserted a claim for quasi-contract and/or unjust enrichment. *See* (Compl. ¶¶ 29–31). In assessing Plaintiff's claim, the Court noted that California law does not recognize a "standalone cause of action for 'unjust enrichment'" but courts may construe such claims under a quasi-contract theory to permit recovery where a defendant obtained a benefit from the plaintiff by fraud, duress, coercion, or similar conduct. *See*

(MTD Order at 7). The court then dismissed Plaintiff's claim for quasi-contract and/or unjust enrichment based on Plaintiff's failure to sufficiently explain how Defendant was unjustly enriched but granted Plaintiff leave to amend. *See* (*id.* at 7).

In the SAC, Plaintiff alleges that he created the song and provided a copy to Defendant for purposes of negotiation. *See* (*id.* ¶ 19). Plaintiff claims that, at the time, he anticipated that he and Defendant would enter into a contract, and he specifically told Defendant that it could only exploit the song if they entered into a written agreement. *See* (*id.* ¶¶ 19–20). However, the parties did not enter into an agreement, Defendant nevertheless exploited the song, and Defendant has not paid Plaintiff for its use of the song. *See* (*id.* ¶¶ 24, 27, 50). Although styled as a claim for breach of an oral contract or an implied-in-fact contract, based on the facts Plaintiff has alleged in support of this claim, the Court will construe it as a claim for quasi-contract or unjust enrichment. *See Gen. Dynamics Corp. v. United States*, 139 F.3d 1280, 1283 (9th Cir. 1998) (courts "need not accept the label" parties attach to their claims); *see also In re De Laurentiis Ent. Grp. Inc.*, 963 F.2d 1269, 1272 (9th Cir. 1992) (quasi-contract claims depend on unjust enrichment, whereas implied-in-fact contract claims depend on the intent of the parties).

The facts alleged are sufficient to state a plausible claim for quasi-contract. To state a claim, a plaintiff must allege that "(1) valuable services rendered for or materials furnished to the person sought to be charged; (2) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (3) under such circumstances as would reasonably inform the person sought to be charged that plaintiff, in performing such services, was expecting to be paid." *Cosmonova, LLC v. BioFilm, Inc.*, 763 F. Supp. 3d 1157, 1172 (S.D. Cal. 2025). Here Plaintiff provided the song to Defendant, Defendant was aware that Plaintiff expected to be paid for the song's exploitation, and Defendant exploited the song without paying Plaintiff. *See* (SAC ¶¶ 19–20, 24, 27, 50). Therefore, the Motion is DENIED as to Plaintiff's second cause of action.

**C. Declaratory Relief**

Finally, Plaintiff asserts a claim for declaratory relief. *See* (SAC ¶¶ 52–55). However, in the initial Complaint, Plaintiff did not assert a claim for, or even request, declaratory relief. *See* (Compl. ¶¶ 15–35); *see also* (*id.* at Prayer for Relief). In granting Plaintiff leave to amend, the Court limited the scope of amendment to Plaintiff's claims for copyright infringement, breach of the implied covenant of good faith and fair dealing, quasi-contract/unjust enrichment, and accounting. *See* (MTD Order at 8). Plaintiff's claim for declaratory relief cannot be fairly construed as any claim for which the Court granted leave to amend. The Court therefore STRIKES Plaintiff's third cause of action from the SAC. *See Strifling v. Twitter Inc.*, No. 22-CV-07739-JST, 2024 WL 54976, at *1 (N.D. Cal. Jan. 4, 2024) (courts "consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend").

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES the Motion. Defendant's answer to the SAC is due within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

DATED: August 17, 2026

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE